## Adessa v. Barassa

*J. F. Tedesco*, for plaintiff.
*Vosburg & Vosburg*, for defendant.

HOBAN, J., February 28, 1936.—This case was started in August 1927 by an appeal from the judgment of an alderman. In due course the statement of claim and affidavit of defense to the merits were filed, and the case was tried in November 1930, resulting in a verdict for defendant. A new trial was subsequently awarded on the ground that the verdict was against the weight of the evidence.

On September 18, 1935, eight years after the case was started, counsel for defendant, who has represented defendant throughout, filed a motion to strike off plaintiff's statement on the ground that there was a variance between the allegations in the statement and the reason for judgment disclosed by the transcript of appeal from the alderman, the transcript indicating a judgment for "work and labor" and the statement of claim making out a case based on money loaned. The motion was denied and the case was tried on January 16, 1936.

At the trial defendant moved to dismiss the case and for a directed verdict on the ground of the variance referred to above between the transcript and the statement of claim, which motion was denied, and after trial the jury rendered a verdict for plaintiff for $51.15. Defendant now moves for judgment n. o. v.

From the evidence the jury probably arrived at as satisfactory a finding as possible, having no doubt a somewhat justifiable skepticism as to the good faith of either party concerning a series of transactions arising from bootleg liquor traffic during prohibition days. The jury believed so much of the evidence as they decided was credible and acted accordingly, and upon the evidence as it stands we can see no reason for judgment n. o. v. Nor is it believed that the discovery eight years after the beginning of the lawsuit of an apparent variance between the transcript and the statement of claim can justify a reversal of the verdict. Certainly the alderman had jurisdiction of the claim, whether for work or labor or for money loaned, and defendant can scarcely undertake to shift his ground of defense, having in one trial vigorously defended on the merits of the claim set forth in the statement.

Now, February 28, 1936, the rule for judgment n. o. v. is discharged.